IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-02766-WDM-CBS

IP INVESTMENT #9, LLC,
a Colorado Limited Liability Company,

      Plaintiff,

v.

DNK PROPERTIES, LLC,
an Oregon Limited Liability Company

      Defendants.

---

## ORDER ON STIPULATION FOR TRANSFER OF VENUE

---

Miller, J.

      This matter is before me on Defendant's Motion for Dismissal (Docket No. 8),

Plaintiff's Response to Defendant's Motion for Dismissal (Docket No. 12), and the

parties' joint Stipulation for Transfer of Venue to United States District Court for the

District of Oregon (Docket No. 13).

<u>Background</u>

      Plaintiff is a Colorado limited liability company with its principal place of business

in Westminster, Colorado.  (Compl. ¶ 1, Docket No. 1-2.)  Defendant is an Oregon

limited liability company with its principal place of business in Hillsboro, Oregon.  (*Id.* ¶

2.)  Plaintiff commenced this action on October 22, 2009 in Jefferson County, Colorado

District Court.  On November 25, 2009, Defendant filed a Notice of Removal (Docket

No. 1) and removed the case to this Court.  In Plaintiff's original complaint in the state court, Plaintiff claimed that jurisdiction was proper in Colorado because "the matter concerns a Colorado limited liability [sic] and an agreement to pay a loan in Colorado to that Colorado entity."  (Compl. ¶ 3.)  Plaintiff also claimed that venue was proper in Colorado because "the contract was to be performed/payment was to be made in Jefferson County [Colorado]."  (*Id.* ¶ 4.)  On December 3, 2009, Defendant filed a Motion for Dismissal (Docket No. 8), arguing that the action should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure because this Court lacked personal jurisdiction over Defendant.  (Def.'s Mot. for Dismissal 1.)  On December 23, 2009, Plaintiff filed a Response to Defendant's Motion for Dismissal (Docket No. 12) and rather than arguing that this Court does have personal jurisdiction over Defendant, Plaintiff "advise[d] the Court that the parties [had] stipulated to a transfer of venue in lieu of outright dismissal of this action."  (Pl.'s Response to Def.'s Mot. for Dismissal 1.)  On the same day, the parties jointly filed a Stipulation for Transfer of Venue to United States District Court for the District of Oregon (Docket No. 13).  In the parties' Stipulation, they stated, "While there may be a dispute between the parties as to whether Colorado has jurisdiction, all parties agree that there is no objection to jurisdiction in Oregon."  (Stipulation for Transfer of Venue 2.)  It appears from the Stipulation that Plaintiff has not conceded that Defendant is not subject to jurisdiction in Colorado, but rather has agreed to litigate the case in Oregon regardless of whether Defendant is subject to jurisdiction in Colorado.  Neither party has stated which specific transfer provision they seek to invoke.

2

<u>Discussion</u>

There are two main provisions under which a federal district court can transfer venue over a case to another federal district court.  The first of those provisions is 28 U.S.C. § 1404(a), which is utilized in cases in which venue in the transferor court is proper, but "[f]or the convenience of parties and witnesses, and in the interest of justice," venue in another federal district is preferable, and it allows the district court in which the action was brought, in its discretion, to transfer the action "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The second of the venue transfer provisions is 28 U.S.C. § 1406(a), which is utilized when the plaintiff has "filed a case laying venue in the wrong division or district," and requires the district court in which venue is improper to either dismiss the action, "or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

These two venue transfer provisions differ not only in their purpose, the type of case to which they apply, but they can also differ in the consequences that flow from which of the two is used to transfer a case, including the substantive law that the transferee court will apply.  *See 17 Moore's Federal Practice*, §111.02[2][c] (Matthew Bender 3d ed.) (explaining that "[t]he substantive law to be applied in the action following transfer may vary depending on which of the two statutes is used to effect the transfer.").

Although neither party has stated which specific transfer provision they seek to invoke, at this juncture, I will presume the allegations in Plaintiff's complaint to be true

3

and will therefore assume, without definitively deciding the issue, that venue was proper in Colorado.  The complaint states federal diversity jurisdiction and the stipulation indicates convenience of the parties is served in Oregon.  Accordingly, it is ordered that this action be transferred to the United States District Court for the District of Oregon, in Portland, pursuant to 28 U.S.C. § 1404(a).

DATED at Denver, Colorado, on January 7, 2010.

BY THE COURT:

s/ Walker D. Miller

United States Senior District Judge